

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 13, 1939

Honorable Eugene Brady
Assistant County Attorney
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. 01
Re: Would a notion store such as
Woolworth's, engaged in the
selling of various articles
and incidentally selling toy
pistols, be subject to the
occupation tax imposed by
Section 38, Article 7047,
R.C.S.

The above question, submitted in your letter of May 8,
1939, calls for a construction of Section 38, Article 7047, Revised
Civil Statutes, 1925, which reads as follows:

"Sec. 38. Tax on dealers in cannon crackers, etc.-
From every person, firm or copporation engaged in the
occupation of selling cannon crackers, or toy pistols
used for shooting or exploding cartridges, within this
State, an annual tax of five hundred dollars, and
counties and incorporated cities or towns in which such
business is located shall have the power to levy a tax
of one-half the above amount as now provided by law in
addition to the above tax, and such person, firm or
corporation so selling such cannon crackers shall be
required to pay an additional tax an the above amount
and take out an additional license for each separate
establishment or place in which such cannon crackers
shall be sold. By the term 'cannon cracker' is meant
any fire cracker or other combustible package more than
two inches in length, and more than one inch in circum-
ference commonly sold and exploded for purposes of amuse-
ment. Nothing herein shall be so constructed (construed)
as to prohibit the sale of, or to place a tax on, the sale
of cartridges, combustible packages or explosives commonly
used for firearms or artillery, mining, excavating earth
or stone, scientific purposes or for any public or private
work."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

It will be noted that the foregoing tax measure does not levy an occupation tax upon every person, firm or corporation selling "cannon crackers, or toy pistols used for shooting or exploding cartridges," but rather levies such tax upon every person, firm or corporation engaged in the occupation of "selling cannon crackers, or toy pistols used for shooting or exploding cartridges." This is significant in view of the definition of the term "occupation" given by our courts. "Occupation" as the term is used in the statutes relating to occupational taxes, means the business in which one principally engages to make a living or obtain wealth. 27 Tex. Jur. p. 896 (Licenses Sec. 50); Shed v. State, 70 Crim. Rep. 10, 155 S. W. 524; Love vs. State, 31 Crim. Rep. 469, 20 S. W. 978; Standford v. State, 16 Tex. App. 331.

Tested by the foregoing definition of the term "occupation," as laid down by our courts, and similarly defined by the courts of other jurisdictions, can it reasonably be said that a general notion store, as commonly operated and conducted, such as Woolworth's, Kress, Grant's, etc., is engaged in or devoted to the "occupation" of selling "toy pistols used for shooting or exploding cartridges," within the intendment of the above tax measure, because, perchance, among the thousands of articles daily offered for sale, toy pistols find a place. A fair and workable interpretation of this statute prompts a negative answer. To hold otherwise would result in the taxation of a mere incident to an occupation rather than the occupation itself. Hurt vs. Cooper, 110 S. W. (2d) 896.

This line of reasoning is not without support in the authorities of other states. In the case of Carney, et al vs. Hamilton by the Supreme Court of Mississippi, reported in 42 So. 378, the court held that where complainant sold coco cola in case lots in connection with his wholesale grocery business, and paid the privilege tax required of a wholesale merchant to carry on such wholesale grocery business during the year, he was not subject to a privilege tax imposed upon persons maintaining a depot for the sale of coco cola and colavine. The theory of this holding was that the wholesale grocer in question, in the conduct of his business as such, bought and sold coco cola as any other article of merchandise, and was not maintaining a depot for the distribution or shipment of coco cola within the meaning of the tax statute on such business.

In the case of Carter v. State, 44 Ala. 29, it was held that one whose chief business is that of a dry goods merchant and who keeps a small stock of tobacco which he sells in very small

quantities for the accommodation of his dry goods customers
is not a tobacco dealer and he is therefore not liable for selling
without a license.

In the light of the foregoing authorities, persuasive as
they are, and under the recognized rule that tax measures are con-
strued strictly in favor of the taxpayer, and that statutes gen-
erally should be so construed as to accord them a reasonable rather
than an unreasonable operation and result, we are constrained to
hold that the Legislature of Texas did not intend by Section 38,
Article 7047, Revised Civil Statutes, to levy an onerous tax of
$500.00 annually upon notion or variety stores selling toy pistols
as an incident to such business.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Pat M. Neff, Jr.
Assistant

PMN:N

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN